UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PINGLE, | ) | CASE NO. 1:12-cv-02892 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| RICHMOND HEIGHTS LOCAL SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court on defendants' amended tripartite motion for partial remand, for judgment on the pleadings, and to stay discovery. (Doc. No. 17.)[1] Also before the Court are defendants' motion to withdraw the motion for partial remand (Doc. No. 23), plaintiff's motion for leave to file a response to defendants' reply brief in support of their motion to stay (Doc. No. 25), and plaintiff's motion to supplement a citation (Doc. No. 26). For the reasons set forth below, defendants' motion to withdraw the motion for partial remand is granted, defendants' motion for partial remand is denied as moot, defendants' motion for judgment on the pleadings is denied, defendants' motion to stay discovery is denied without prejudice, plaintiff's motion for leave to file a response is denied as moot, and plaintiff's motion to supplement a citation is denied as moot.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Timothy Pingle was employed by defendant Richmond Heights Local School District Board of Education as its secondary school principal beginning in August 2011,

---

[1] Styled a single motion for partial remand, for judgment on the pleadings, and to stay discovery, defendants' motion is, in effect, three different motions, and the Court will treat each as a separate motion.

when plaintiff signed a two-year administrator contract. (Doc. No. 1-2 at 9.)[2] When plaintiff was

hired, racial tensions in the school district abounded, prompted by the varsity basketball coach's

racially-inflammatory conduct and the community's response. (Doc. No. 1-2 at 9.) By November

of 2011, the superintendent of the school district was suspended with pay, and the school board

was obliged to appoint an interim superintendent. (Doc. No. 1-2 at 9.) The school board elevated

defendant Robert J. Moore, an African-American, from elementary school principal to interim

superintendent. (Doc. No. 1-2 at 11.) Conflicts between plaintiff and Moore followed, and

plaintiff was suspended with pay on December 13, 2011. (Doc. No. 1-2 at 12.) On February 27,

2012, the school board initiated proceedings under Ohio Rev. Code § 3319.16 to terminate

plaintiff's contract, and plaintiff was suspended without pay the next day. (Doc. No. 1-2 at 13.)

Plaintiff demanded a hearing under Ohio Rev. Code § 3319.16, and such hearing was conducted

before a referee over five non-consecutive days in May and June 2012. (Doc. No. 1-2 at 14.) The

referee issued a recommendation of termination on August 27, 2012, and the school board

terminated plaintiff's contract. (Doc. No. 1-2 at 15.)

Thereafter, plaintiff sued Richmond Heights Local School District Board of

Education and Robert Moore in the Cuyahoga County Common Pleas Court on a variety of

federal and state civil rights claims. The claims were: (1) an appeal of termination pursuant to

Ohio Rev. Code § 3319.16; (2) race and color discrimination in violation of Title VII; (3) race

and color discrimination in violation of Ohio Rev. Code §§ 4112.02(A) and 4112.99; (4)

retaliation in violation of Title VII; (5) retaliation in violation of Ohio Rev. Code § 4112.02(I);

and (6) aiding and abetting discrimination in violation of Ohio Rev. Code § 4112.02(J). (Doc.

No. 1-2 at 15–20.) The case was removed from Cuyahoga County Common Pleas Court on

November 11, 2012. (Doc. No. 1.) Defendants' amended motion for partial remand, for

---

[2] Citations to page numbers in the record refer to the Court's continuous PageID numbers in ECF.

judgment on the pleadings, and to stay discovery was filed on February 8, 2013. (Doc. No. 17.) The motion sought to remand plaintiff's appeal of termination under Ohio Rev. Code § 3319.16. The plaintiff filed a motion in opposition. (Doc. No. 21.) Defendants moved to withdraw the motion for partial remand on March 20, 2013 (Doc. No. 23), but continued to advance their motions for judgment on the pleadings and to stay discovery, filing a reply in support of the remaining motions (Doc. No. 24). The same day, plaintiff moved the Court for leave to file a response, claiming that defendants' withdrawal of their motion for partial remand should afford plaintiff an opportunity to respond anew. (Doc. No. 25.) Plaintiff later filed a motion for leave to supplement a citation in his original brief in opposition to defendants' motion. (Doc. No. 26.)

## II.     LAW AND ANALYSIS

### A.  Motion for Partial Remand

Defendants have moved to withdraw their motion for partial remand. (Doc. No. 23.) That motion is granted, and, therefore, the Court denies as moot defendants' motion for partial remand. (Doc. No. 17.) This case shall proceed on each of plaintiff's claims, including his administrative appeal under Ohio Rev. Code § 3319.16. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997).

### B.  Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material

3

allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

Defendants' motion for judgment on the pleadings focuses on Ohio Revised Code § 4112.14. Titled "age discrimination by employers," the statute prohibits discrimination by any employer against an employee aged forty or older who is physically able to perform the duties of the job, Ohio Rev. Code § 4112.14(A), and gives employees a cause of action against employers to enforce this right. Ohio Rev. Code § 4112.14(B).[3] Where, however, the "employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has

---

[3] The text of the statute is as follows:
  (A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.
  (B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.01 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.
  (C) The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause.
Ohio Rev. Code § 4112.14.

been arbitrated and has found to be for just cause," the employee may not claim a remedy under Ohio Rev. Code § 4112.14(B), nor may the employee claim any remedy pursuant to Ohio Rev. Code §§ 4112.02 to 4112.11. Ohio Rev. Code § 4112.14(C). In short, for age discrimination claims, the arbitration is the end of the affair.

In their motion, defendants claim that Ohio Rev. Code § 4112.14(C) forecloses plaintiff's state law claims of retaliation under Ohio Rev. Code § 4112.02(I) and aiding and abetting discrimination under Ohio Rev. Code § 4112.02(J).[4] To succeed in their motion, defendants have to show that Ohio Rev. Code § 4112.14(C), ostensibly an age discrimination statute, also applies to race discrimination, the discrimination complained of in this case. Defendants must also show that the grievance procedure afforded to plaintiff in this case—a hearing in front of a referee and vote by the school board under § 3319.16—qualifies as "the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause." Ohio Rev. Code § 4112.14(C). If both these contentions are correct, defendants claim § 4112.14(C) would operate to deny "any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code," which would include the § 4112.02(I) retaliation and § 4112.02(J) aiding and abetting claims.

For the proposition that Ohio Rev. Code § 4112.14(C) applies to race discrimination cases as well as age discrimination cases, defendants rely on *Hopkins v. United Parcel Service*, No. C-990392, 2000 WL 279228 (Ohio Ct. App. Feb. 11, 2000). The *Hopkins* court considered whether Ohio Rev. Code § 4112.14(C) applied to plaintiff's claim for race discrimination. The version of Ohio Rev. Code § 4112.14(C) cited by the *Hopkins* court read as

---

[4] Defendants only seek judgment on the pleadings for part of the aiding and abetting claim. Defendants view this claim in two parts: (1) a claim against defendant Moore for actions resulting in plaintiff's termination and (2) a claim against defendant Moore for filing a complaint with the Ohio Department of Education challenging plaintiff's academic licensure. (Doc. No. 17 at 1338.) Defendants seek judgment on the pleadings as to the claims involving plaintiff's termination, but not as to the claim involving the ODE complaint. Accordingly, all future references to the aiding and abetting claim will refer only to the claim for which defendants seek judgment on the pleadings.

follows: "The cause of action described in division (B) of this section *and other remedies available under this chapter* shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has found to be for just cause." *See Hopkins*, 2000 WL 279228, at *2 (emphasis added). The court held that the plain language of the statute—"other remedies available under this chapter"—included the remedies available under Chapter 4112 of the Revised Code for race discrimination. Reading the statute to include only the age discrimination remedies of § 4112.14 would render "other remedies" mere surplusage, a "modification [the] court is not empowered to effectuate." *Id*.

In support of the assertion that plaintiff's grievance procedure under § 3319.16 qualifies as the functional equivalent of arbitration for the purposes of Ohio Rev. Code § 4112.14(C), defendants cite *Meyer v. United Parcel Serv., Inc.*, 122 Ohio St. 3d 104, 2009-Ohio-2463, 909 N.E.2d 106 (2009). In *Meyer*, the Ohio Supreme Court ruled that a grievance procedure in which the discharged employee received a local hearing and an appeal to an "Ohio Joint State Committee" was the functional equivalent of arbitration. *Meyer*, 122 Ohio St. 3d at 115. Because the procedure possessed the requisite procedural safeguards, the Court held that the procedure qualified as arbitration.

Because Ohio courts have extended Ohio Rev. Code § 4112.14(C) to race discrimination claims in the past, defendants hope that this Court will likewise extend it here. The Court declines to extend the language of Ohio Rev. Code § 4112.14(C) to race discrimination claims. It finds *Luginbihl v. Milcor Ltd. Partnership*, No. 1-01-162, 2002-Ohio-2188 (Ohio Ct. App. May 3, 2002), persuasive on the issue. In *Luginbihl*, the appellate court reversed a decision of the trial court applying § 4112.14(C)'s bar on civil suits to handicap

discrimination cases under Ohio Rev. Code § 4112.02. In finding § 4112.14(C) inapplicable to handicap discrimination cases, the court in *Luginbihl* first noted that plaintiff was not seeking remedies provided under Ohio Rev. Code §§ 4112.01 to 4112.11, the forbidden provisions. Rather, plaintiff was seeking a remedy under § 4112.99, which allows a plaintiff to institute a civil action for damages, injunctive relief, or any other appropriate relief for a violation of Chapter 4112. *Luginbihl*, 2002-Ohio-2188, at ¶ 36. In other words, plaintiff was seeking a *remedy* under § 4112.99 for a *right* created in § 4112.02. Thus, by its plain terms, § 4112.14(C) did not apply. The Court further noted that the language barring remedies provided under Ohio Rev. Code §§ 4112.01 to 4112.11 was a result of the recodification of the Ohio Age Discrimination Statute in 1995. *Id*. at ¶ 37. The language barring remedies ensured that previous statutory limits on age discrimination continued to apply after recodification slotted age discrimination claims into the same section as other discrimination claims. The language was not intended to affect remedies for other types of impermissible discrimination. *Id*. Further bolstering the *Luginbihl* rationale, the Ohio Supreme Court noted that *Hopkins*, heavily relied on by defendants, applied a version of § 4112.14(C) that was never adopted by the Ohio General Assembly. *Meyer*, 122 Ohio St. 3d at 115 n.10. The language that the court in *Hopkins* believed necessitated extending § 4112.14(C) to race discrimination claims—"other remedies available under this chapter"—was never adopted by the legislature, rendering the reasoning in *Hopkins* largely inapplicable.

Plaintiff's claims for retaliation and aiding and abetting discrimination should be analyzed under the *Luginbihl* rationale. As in *Luginbihl*, plaintiff alleges violations of both Ohio Rev. Code §§ 4112.02(I) and 4112.99 as to the retaliation claim. (Doc. No. 1-2 at 19.) Similarly, plaintiff alleges violations of both Ohio Rev. Code §§ 4112.02(J) and 4112.99 as to the aiding

and abetting claim. (Doc. No. 1-2 at 20.) For both claims, plaintiff is enforcing *rights* found in §
4112.02 through the *remedy* provided in § 4112.99. By its plain language, § 4112.14(C), barring
only *remedies* in the sections mentioned above, does not apply. Moreover, § 4112.14(C) is
properly limited to age discrimination claims, as its statutory history and placement in the "age
discrimination by employers" statute would suggest. Accordingly, the Court denies defendants'
motion for judgment on the pleadings.

### C. Motion to Stay Discovery

In light of the fact that the Court has determined that it will retain jurisdiction
over plaintiff's state administrative appeal claim, defendants' amended motion to stay discovery
(Doc. No. 17) and plaintiff's motion for leave to file a response to defendants' motion to stay
discovery (Doc. No. 25) are denied without prejudice. Instead, the parties are directed to file
simultaneous briefs, not to exceed ten (10) pages, by October 14, 2013, and simultaneous
responses, not to exceed ten (10) pages, by October 21, 2013, addressing how this case should
proceed. In addition to issues that the parties may wish to raise, the parties are to address whether
this Court must decide plaintiff's claim under Ohio Rev. Code § 3319.16 before hearing
plaintiff's other federal and state claims and whether this Court must stay those claims while it
decides the § 3319.16 administrative appeal. The parties should also address whether the Court
should accept additional evidence relative to the administrative appeal.

### III.    CONCLUSION

For the reasons set forth above, the Court GRANTS the defendants' motion to
withdraw the motion for partial remand. The defendants' motion for partial remand is DENIED
as moot. The Court further DENIES defendants' motion for judgment on the pleadings. The
Court DENIES WITHOUT PREJUDICE defendants' motion to stay discovery and DENIES as

moot plaintiff's motion for leave to file a response to the motion to stay discovery. Finally, the

Court DENIES as moot plaintiff's motion to supplement a citation.

**IT IS SO ORDERED**.

Dated: September 30, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**