UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PINGLE, | ) | CASE NO. 1:12-CV-2892 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RICHMOND HEIGHTS LOCAL SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The Court, having considered the parties' briefing as to how this case ought to proceed (Doc. Nos. 33, 34, 36, 37), sets forth the schedule that appears in its contemporaneously filed Case Management Plan and Trial Order.

**I. The administrative appeal under Ohio Rev. Code § 3319.16 must be heard first.**

The appeal under Ohio Rev. Code § 3319.16 must be heard before plaintiff's state and federal claims. According to the plain terms of the statute, the appeal is already "at issue" before this Court. Once the school board transmits to the clerk of court "a transcript of the original papers filed with the board, a certified copy of the minutes of the board into which the termination finding was entered, and a certified transcript of all evidence adduced at the hearing or hearings before the board or a certified transcript of all evidence adduced at the hearing or hearings before the referee," the cause "shall be at issue without further pleading and shall be

advanced and heard without delay."[1] Ohio Rev. Code § 3319.16. The transcripts and minutes have been filed (Doc. Nos. 6, 35); thus, the administrative appeal is already "at issue" before this Court.

Plaintiff argues that the "without delay" language in Ohio Rev. Code § 3319.16 does not require the administrative appeal to be heard first. Plaintiff points out that Title VII also contains language commanding expeditious resolution. *See* 42 U.S.C. § 2000e-5(f)(5) (Title VII case shall be assigned "for hearing at the earliest practicable date" and shall be "in every way expedited."). Plaintiff's argument is unavailing because, unlike the Title VII claims, the administrative appeal is already "at issue." When the appeal is at issue, it must be heard "without delay." In the § 3319.16 appeal, nothing further must occur before a hearing takes place. In contrast, in the state and federal proceedings, almost nothing has yet occurred. If the Court were to allow those claims to proceed through discovery, dispositive motions, and trial, it would ignore the procedures provided by Ohio Rev. Code § 3319.16. Given that this case originated with proceedings under § 3319.16, the Court is wholly unwilling to do so.

**II. Additional evidence may be introduced by either party.**

The Court will permit the parties to introduce additional evidence both in the pre-hearing briefing and at the hearing. As state courts have interpreted Ohio Rev. Code § 3319.16, termination by a school board can be overturned on administrative appeal when the school board "violated a statutory right or constitutional obligation." *Lanzo v. Campbell City Sch. Dist. Bd. of*

---

[1] Though the statute does not require additional briefing, the Court's research shows that state courts regularly permit pre-hearing briefing. *See Elsass v. St. Marys City School Dist. Bd. of Educ.*, No. 2-10-30, 2011 WL 1458154, at ¶ 19 (Ohio Ct. App. Apr. 18, 2011); *Martin v. Bd. of Educ. of Bellevue City Sch. Dist.*, No H-12-002, 2013 WL 5532825, at ¶ 14 (Ohio Ct. App. Sept. 27, 2013). Defendant has requested briefing (Doc. No. 33 at 1439), and plaintiff has at least implicitly indicated that he would seek to present additional evidence. (Doc. No. 36 at 1519.) Given that Ohio courts permit pre-hearing briefing, the parties have requested it, and the briefing will focus the issues at the hearing, the Court will not forbid such briefing.

*Educ.*, No. 09 MA 154, 2010-Ohio-4779, at ¶ 15 (Ohio Ct. App. Sept. 24, 2010) (citing *Kitchen v. Bd. of Educ. of Fairfield City Sch. Dist.*, No. CA2006-09-234, 2007-Ohio-2846, at ¶ 17 (Ohio Ct. App. June 11, 2007)). Plaintiff argues that Ohio precedent requires the Court to pre-determine the state and federal retaliation and discrimination claims before hearing the § 3319.16 appeal, settling, for purposes of the administrative appeal, the issues of statutory and constitutional violations. (Doc. No. 36 at 1520.) Plaintiff misinterprets Ohio precedent. The Court need not pre-determine whether the school board violated plaintiff's statutory or constitutional rights. The Court will decide *at the hearing* if plaintiff's termination was lawful, including whether the school board violated plaintiff's rights. Refusing to pre-determine these issues will not "prevent [plaintiff] from making arguments or presenting evidence . . . whether [plaintiff] was or was not terminated for 'good and just cause' or [whether the school board] violated a statutory right or constitutional obligation." (Doc. No. 36 at 1519.) To the extent that such arguments and evidence are not included in the already voluminous record, plaintiff shall submit them as additional evidence before or during the hearing, and the Court will consider this evidence in conjunction with the record. No further discovery related to the § 3319.16 appeal will be permitted.

### III. The Court stays proceedings as to plaintiff's remaining claims.

During the pendency of the § 3319.16 appeal, the Court stays proceedings as to the remaining claims, including plaintiff's notice of discovery dispute. (Doc. No. 38.) Once the Court has issued its decision relative to the appeal, it will schedule a status conference with counsel to determine whether further discovery is required and to set dates and deadlines for dispositive motions.

Though the Court will not decide the preclusive effect of the § 3319.16 appeal

before the appeal is decided, it will address here plaintiff's oft-expressed concerns regarding preclusion and inconsistent judgments. Plaintiff fears that the Court's determination of the § 3319.16 appeal might conflict with a subsequent jury trial on the state and federal claims, leading to confusion as to which resolution applies. (Doc. No. 34 at 1451.) This fear is misplaced. Whatever issues have been fully litigated and determined in the administrative appeal cannot be re-litigated or re-determined in a jury trial. The parties will be estopped from doing so, protecting the integrity of the Court's judgment in the § 3319.16 appeal. To the extent that a hypothetical future judgment on the administrative appeal precludes some of plaintiff's state and federal discrimination claims, the Court notes that plaintiff, who is the master of his complaint, chose to bring both an administrative appeal and claims requiring a jury trial. Asserting claims that require two separate proceedings necessarily leaves plaintiff vulnerable to a res judicata defense. *Cf. Perry v. Croucher*, 165 F.3d 28, at *5-6 (6th Cir. 1998) (unpublished table decision) (plaintiff's choice to bring § 1983 claim in federal court while pursuing administrative appeal in state court left plaintiff open to res judicata defense).

### IV. Conclusion

The parties are advised to consult the Court's Case Management Plan and Trial Order for dates and deadlines related to the § 3319.16 appeal. The Court hereby STAYS proceedings as to Counts II-VI of plaintiff's complaint. Upon issuance of the Court's decision in the § 3319.16 appeal, the Court will schedule a status conference with counsel.

**IT IS SO ORDERED**.

Dated: February 28, 2014

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**