UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PINGLE, | ) | CASE NO. 1:12-CV-2892 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| RICHMOND HEIGHTS LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiff's motion to dismiss Count I of his complaint without prejudice under Rule 41(a)(2). (Doc. No. 41.) Defendants oppose the motion. (Doc. Nos. 43, 44.) For the reasons set forth below, plaintiff's motion is DENIED.

**I. Procedural Background**

The road to the merits of this case has been a long and winding road, and each party seeks to blame the other for the twists and turns along the way. While plaintiff claims that the procedural detours are attributable to defendants' removal, defendants decry plaintiff's joining disparate claims together in a single complaint. Whatever their cause, procedural issues—which the Court shall now summarize—have been a substantial roadblock. Plaintiff initially filed a complaint in the Cuyahoga County Common Pleas Court, asserting six claims under state and federal law, one of which was an administrative appeal of termination under Ohio Rev. Code § 3319.16. (*See* Doc. No. 1-2.) Defendants timely removed the case to this Court on the basis of plaintiff's Title VII claims. (*See* Doc. No. 1.) And there the troubles began.

First, defendants filed motions for partial remand, seeking to remand Count I to the state court on the basis of abstention. (Doc. Nos. 16, 17.) Plaintiff opposed the motion. (Doc. No. 21.) Defendants later abandoned the motion for partial remand. (Doc. No. 23.) In reviewing the odd juxtaposition of a specialized state administrative appeal with a series of federal and state employment discrimination claims, the Court ordered a second round of briefing on federal abstention, whereupon it concluded that abstention doctrines, limited as they are, did not apply to this case. (Non-Document Order, Sept. 19, 2013; Doc. Nos. 30, 31.) Accordingly, the Court retained jurisdiction over all claims asserted by plaintiff, including the § 3319.16 administrative appeal. (Doc. No. 32.)

Thus, nearly a year after its filing, the litigation was still plagued by the unhappy marriage at its center: an administrative appeal, with limited evidence, pleadings, and without a jury, wedded to Title VII claims requiring full discovery, motion practice, and a jury trial. The Court ordered, and the parties filed, additional briefing to address how this case should proceed with this awkward coupling of claims. (Doc. Nos. 32, 33, 34, 36, 37.) The Court ruled that the administrative appeal must be heard first (Doc. No. 39), and plaintiff then moved to dismiss that claim without prejudice (Doc. No. 41). Defendants opposed, requesting dismissal with prejudice, or dismissal without prejudice, provided that plaintiff pay defendants' attorney fees for the procedural briefing ordered by the Court (Doc. Nos. 31, 33, 37), that the Court order the administrative hearing testimony and exhibits admitted into evidence, and that the Court limit discovery to issues not already covered in the administrative hearing testimony. (Doc. No. 43 at 1548-49.) Plaintiff opposes each of these conditions. (Doc. No. 45.)

## II. Relevant Authority

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Dismissal under Rule 41(a)(2) is within the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). The trial court, which must protect the nonmovant from unfair treatment, may deny a dismissal without prejudice if the defendant will suffer plain legal prejudice. *Cogent Solutions Grp., LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052, at *5 (S.D. Ohio Nov. 20, 2013) (citation omitted). In analyzing plain legal prejudice, courts consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). The trial court may condition dismissal without prejudice on any terms it deems proper.

## III. Analysis

Under the first factor, defendants have spent much effort and expense wading through the procedural issues that have arisen from plaintiff's complaint. Even though no controlling authority, including the Ohio Supreme Court, expressly forbids joining the § 3319.16 appeal to the discrimination claims, defendants have spent considerable time and expense dealing with the joinder's effects all the same. The Court has conducted extensive research on §

3

3319.16 and cannot find a single instance in which a federal court decided a § 3319.16 appeal, much less addressed state or federal discrimination claims in conjunction with a § 3319.16 appeal. Moreover, as plaintiff acknowledges, there is no clear precedent under Ohio law for how to proceed in this type of "hybrid" case,[1] thus forcing the Court and the parties to expend considerable time deciding how to proceed.[2] (Doc. No. 45 at 1567.) The time spent by defendants on this issue pales in comparison, however, to the time spent on the § 3319.16 appeal itself, which included five days of hearings with hundreds of pages of testimony and other evidence, as well as post-hearing briefing.

More importantly, plaintiff has not adequately explained his need to take a dismissal of Count I without prejudice. In essence, plaintiff seeks to abandon his administrative appeal halfway through the proceedings. Section 3319.16 provides a detailed procedure for terminating teacher contracts, with four levels of review, all within the state system: (1) the referee-conducted hearing; (2) the school board review of and vote on the referee's recommendation; (3) appeal to the court of common pleas in the county in which the school is located; and (4) appellate review. Currently embroiled in step three, plaintiff seeks to put the

---

[1] In relevant part, the statute provides:
> The appeal shall be an original action in the [state common pleas] court and shall be commenced by the filing of a complaint against the board, in which complaint the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract.
> ***
> Upon final hearing, the [state common pleas] court shall grant or deny the relief prayed for in the complaint as may be proper in accordance with the evidence adduced in the hearing.

Ohio Rev. Code § 3319.16. The plain language of the statute limits § 3319.16 to the relief prayed for in the complaint, which is in turn limited to reversal or modification of the school board's order of contract termination. The plain language of the statue cuts against joinder of other claims.

[2] Plaintiff's argument that he "could not have foreseen" the Court's decision to hear the § 3319.16 appeal first is disingenuous. Not only has defendant consistently argued that the § 3319.16 appeal must be set apart from plaintiff's other claims and proceed first (*see, e.g.,* Doc. No. 16), the Court specifically ordered briefing whether it "must decide plaintiff's claim under Ohio Rev. Code § 3319.16 before hearing plaintiff's other federal and state claims[.]" (Doc. No. 32 at 1434.)

appeal on hold, pursue more expansive remedies, and, perhaps—although he says he has no present plans to do so—return to the administrative appeal to finish up steps three and four, at some later and unknowable date. Plaintiff may either see the administrative appeal through to its conclusion, as currently scheduled in this Court, or renounce it and pursue other remedies. This appeal, which must be "advanced and heard without delay" once the administrative transcripts have been filed, may not be dangled over defendants' heads like a legal sword of Damocles.

Under the fourth factor, while defendants have not filed a motion for summary judgment on Count I, § 3319.16 does not allow for the filing of such a motion. The Court believes that the intent behind this factor is to protect defendants when the "lawsuit [has] been in litigation for a considerable time before the motion to voluntarily dismiss without prejudice [is] filed." *Grover*, 33 F.3d at 718-19. As mentioned above, the § 3319.16 appeal has progressed through two of its four levels of review. Analogized to a civil suit, this administrative appeal has advanced far beyond summary judgment and into its first level of appellate review. Without question, the appeal "[has] been in litigation for a considerable time[.]"

While the remaining factor is less helpful to defendants, it does not merit dismissal of Count I without prejudice. Under the second factor, plaintiff has pursued his rights diligently, pointing in favor of dismissal without prejudice.

Considering all the factors, the Court cannot permit plaintiff to pause his § 3319.16 appeal in mid-litigation, pursue an entirely different case, and then leave the possibility of refiling. Rule 41(a)(2) gives the Court the power to order dismissal on terms it considers proper. Due to the more advanced stage of the § 3319.16 appeal relative to plaintiff's other claims, the only terms the Court considers proper would be dismissal with prejudice.

### IV. Conclusion

For the reasons set forth above, plaintiff's motion to dismiss Count I without prejudice under Rule 41(a)(2) is DENIED. Due to the time expended by the parties briefing this issue, the Court shall permit plaintiff to submit his pre-hearing brief on or before April 11, 2014. Defendants may submit their briefing on or before May 9, 2014, and plaintiff may submit his reply brief on or before May 23, 2014. The oral argument set for June 10, 2014 is rescheduled until June 20, 2014 at 10:00 AM.

**IT IS SO ORDERED**.

Dated: March 28, 2014

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**